FILED
AUG 2 0 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IVY BAILEY,<br>1774 Manor Road<br>Windsor, Pennsylvania 17366-9108<br>(717) 244-5836 Telephone<br><br>    Plaintiff,<br><br>v.<br><br>VERIZON COMMUNICATIONS INC.,<br>One Verizon Way<br>Basking Ridge, New Jersey 07920<br><br>    Defendant. | Case: 1:07-cv-01494<br>Assigned To : Huvelle, Ellen S.<br>Assign. Date : 8/20/2007<br>Description: Employ. Discrim. |

## NOTICE OF REMOVAL

1.  Defendant Verizon Business Network Services Inc. ("Verizon Business"), improperly pled as Verizon Communications Inc., files this Notice of Removal pursuant to 28 U.S.C. §§ 1441(a) and 1446 to remove this action from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia. Verizon Business respectfully asserts the following in support of removal and, in doing so, expressly reserves all questions other than that of removal for the purpose of further pleadings.

2.  Plaintiff Ivy G. Bailey ("Plaintiff") filed her Complaint for Damages on or about July 19, 2007 in the Superior Court for the District of Columbia, in a case captioned *Ivy Bailey v. Verizon Communications, Inc.*, Civil Action No. 07-005022.

3.  On July 30, 2007, Verizon Business was served with a summons and a copy of the Complaint via its registered agent, CT Corporation.

1

4.      No further proceedings have taken place in this matter in the Superior Court. True and correct copies of all papers filed in the state court action are attached hereto as Exhibit 1.

5.      This Notice of Removal is being filed within thirty (30) days of Verizon Business learning of and obtaining its first written notice of the Complaint, and is therefore timely filed.

6.      This is an action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), as it is a "civil action[] where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States," and "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Specifically

(a)     Plaintiff is a citizen of Pennsylvania. *See* Compl. at p.1.

(b)     Verizon Business is a corporation incorporated under the laws of the State of Delaware, with its principal place of business in Virginia.

(c)     The improperly named defendant, Verizon Communications Inc., is a corporation incorporated under the laws of the State of Delaware, with its principal place of business in New York.

(d)     The Complaint pleads damages in excess of $75,000. *See* Compl. at p.4.

7.      Under 28 U.S.C. § 1441, Verizon Business has the right to remove this case from the Superior Court of the District of the Columbia to this Court, which embraces the place where the action is currently pending. *See* 28 U.S.C. § 1441(a).

8.      As required by 28 U.S.C. § 1446(d), promptly after the filing of this Notice of Removal, Verizon Business shall give notice of the removal to Plaintiff, and will file a copy of this Notice of Removal with the clerk of the Superior Court of the District of Columbia, where

this action was pending prior to removal. A copy of the Notice of Filing of Removal, without exhibits, is attached as Exhibit 2.

WHEREFORE, all requirements of 28 U.S.C. § 1446 having been met, Verizon Business respectfully requests that Civil Action No. 07-005022, now pending against it in the Superior Court of the District of Columbia, be removed to this Court.

DATED this 20th day of August, 2007.

Respectfully submitted,

Jacqueline M. Holmes (Bar No. 450357)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone: (202) 879-3939
Facsimile: (202) 626-1700

Willis J. Goldsmith (Bar No. 945956)
JONES DAY
222 East 41st Street
New York, New York 10017-6702
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

ATTORNEYS FOR DEFENDANT VERIZON
BUSINESS NETWORK SERVICES INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of August, 2007, I caused a true and correct copy of the foregoing Notice of Removal to be served by first class mail, postage prepaid, upon:

> Ivy G. Bailey
> 1774 Manor Road
> Windsor, Pennsylvania 17366-9108

*/s/ Jacqueline M. Holmes*
Jacqueline M. Holmes

JS-44
Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
Ivy Bailey
1774 Manor Road
Windsor, Pennsylvania 17366-9108

88888

## DEFENDANTS
Verizon Communications Inc.
One Verizon Way
Basking Ridge, New Jersey 07920

98888

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

N/A
Pro Se Plaintiff

Case: 1:07-cv-01494
Assigned To : Huvelle, Ellen S.
Assign. Date : 8/20/2007
Description: Employ. Discrim.

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
⊙ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ⊙ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ⊙ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)  OR  ○ F. Pro Se General Civil

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ⊙ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding   ⊙ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**
28 U.S.C. § 1441. Wrongful discharge and employment discrimination action removed from state court based on diversity of citizenship.

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ 1,000,000   Check YES only if demanded in complaint
JURY DEMAND: YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 8/20/2007    SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

# EXHIBIT 1

2007-027563

**CT CORPORATION**
A WoltersKluwer Company

**Service of Process Transmittal**
07/30/2007
Log Number 512447722

Labor ? ✓

**TO:** Vanessa Young, Coordinator - Litigation Support
Verizon Communications Inc.
MailCode VC54N103, Verizon Center
One Verizon Way
Basking Ridge, NJ, 07920-1097

**RE:** **Process Served in District of Columbia**

**FOR:** Verizon Communications, Inc. (Domestic State: DE)
*According to our records representation services for this entity have been discontinued in this jurisdiction.*

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Ivy Bailey, Pltf. vs. Verizon Communications, Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Initial Order and Addendum, Summons, Suit for Damages |
| **COURT/AGENCY:** | Superior Court - Civil Division, DC<br>Case # 07-0005022 |
| **NATURE OF ACTION:** | Employee Litigation - Harrassment-Based on Race and Sex-Seeking $1,000,000.00 for Pain and Suffering |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Washington, DC |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 07/30/2007 postmarked on 07/26/2007 |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Ivy G. Bailey<br>1774 Manor Rd.<br>Windsor, PA, 17366<br>717-244-5836 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 798229854900<br>Image SOP - Page(s): 11<br>Email Notification, Vanessa Young VANESSA.YOUNG@VERIZON.COM<br>Email Notification, Bernadette Miragliotta bernadette.r.miragliotta@verizon.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>Mark Diffenbaugh<br>1015 15th Street, N.W.<br>Suite 1000<br>Washington, DC, 20005<br>202-572-3133 |

07 1494
FILED
AUG 2 0 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Page 1 of 1 / MD

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

IVY BAILEY
Vs.                                         C.A. No.    2007 CA 005022 B
VERIZON COMMUNICATIONS, INC.

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge JENNIFER M ANDERSON
Date:  July 19, 2007
Initial Conference: 9:30 am, Friday, October 26, 2007
Location:  Courtroom A-50
           515 5th Street N.W.
           WASHINGTON, DC  20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc

CA Form 1

# Superior Court of the District of Columbia
CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

*Plaintiff*

vs.                                                                 Civil Action No. _____

*Defendant*

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

_____
Name of Plaintiff's Attorney

_____    By _____
Address                                                                         Deputy Clerk

_____
                                                                Date _____
Telephone

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

### IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

IVY BAILEY  
    1774 Manor Road  
    Windsor, PA 17366-9108  
       Plaintiff

vs.                   Case no. _____

VERIZON COMMUNICATIONS, INC  
    One Verizon Way  
    Basking Ridge, New Jersey 07920  
       Defendant

SERVE: CT Corporation System  
1015 15th Street NW  
Washington DC 20005

RECEIVED  
CIVIL CLERK'S OFFICE  
JUL 1 9 2007  
SUPERIOR COURT  
OF THE DISTRICT OF COLUMBIA  
WASHINGTON, DC

## SUIT FOR DAMAGES

COMES NOW, Plaintiff Ivy Bailey, Pro Se, and sues Verizon Communications, Inc.
for employment discrimination based on retaliatory employment practices, and as reasons states
as follows:

## FACTUAL BASIS

1. Plaintiff is a resident of the state of Pennsylvania who was formerly employed

by MCI, Inc. at the corporation's 1133 19th Street NW, Washington DC location.

2. Defendant is a corporation that acquired MCI, Inc. in 2006. Defendant's main

offices are in the state of New Jersey. Defendant conducts substantial business

within and has offices located with the District of Columbia.

3.  Plaintiff was employed as an Execuitve Secretary/ Administrative Assistant within MCI's Law and Public Policy Department (LLP) from 2001 until 2006.

4.  During the relevant time period of this complaint, Plaintiff was assigned to the Employment Law Section . Her direct supervisor was Harvey D. Rumfeld, Esq. (H. Rumfeld) whose title at that time was Chief of the Employment Law Section.

5.  During the relevant time period of this complaint, MCI was undergoing a corporate reconstruction as a result of a bankruptcy filing.  As part of the reconstruction and under the Srbanes-Oxley legislation, an Ethics Department was established within the company and employees were receiving extensive ethics training.

6.  In the course of her normal duties and respositibilities as an employee of MCI, Plaintiff learned of a contract for outside counsel involving MCI's LPP Department and the law firm of Proskauer Rose, LLP (Proskauer).

7.  Plaintiff witnessed a contract between MCI and Proskauer that had been signed by her supervisor, H. Rumseld.

8.  Senior Management for MCI had recently issued a mandate for all outside counsel agreements to be authorized by a member of senior management.

9.  Through coordination of a meeting between MCI LLP and Proskauer, Plaintiff learned that Myron D. Rumsfeld, Esq. (M. Rumsfeld), brother of Plaintiff's supervisor H. Rumfeld, was a partner at Prosakauer.

10. Plaintiff suspected that this arrangement may have been an ethics violation, but refrained from reporting her suspicions for fear of losing her employment.

11. Shortly thereafter, with no valid explanation, H. Rumfeld demoted Plaintiff to a position where she provided support to four attorneys working under H. Rumfeld. One of those attorneys was Kathleen Tremblay, Esq.

12. Tremblay worked directly with Proskauer in her handling of international employment disputes.

13. On numerous occasions, Plaintiff witnessed Tremblay loudly complaining about Proskauer and their practices of overbilling, charging for work that was not billable, unauthorized work and poor work product.

14. These statements strengthened Plaintiffs belief that the contract between MCI LLP and Proskauer was unethical.

15. Two of the top attorneys in the Ethics Department at this time were colleagues of H. Rumfeld. Plaintiff, on numerous occasions, witnessed both attorneys consulting H. Rumfeld regarding ethics complaints. This further weakened Plaintiffs belief in the Ethics Department or her ability to maintain her job if she reported the incident.

16. During the next few months, Plaintiff endured a work environment that was intentionally made hostile for the purpose of forcing her resignation. She was

her    harrassed with racially offensive comments and sexually suggestive inuendos, and

computer was searched without her knowledge.

17. Plaintiff spoke directly with H. Rumfeld on two occassions, and expressed her

concerns. H. Rumfeld debated every concern with Plaintiff and never followed up wth

an investigation of any sort.

18. Defendant's actions in creating the hostile work environment that Plaintiff was

forced to endure left Plaintiff mentally, emotionally and physically impaired.

18. Shortly threreafter, as a last resort to better her work environment, Plaintiff

revealed her suspicions and concerns reagarding H. Rumsfled, the Ethics Department

and the hostile work environment to Nancy Higgins, who at the time was the Executive

Vice President of Ethics.

19. To date, Plaintiff has never been told the outcome of the ethics investigation.

Her requests for information and updates have gone unanswered, further supporting

Plaintiff's claims that the Ethics Department was ineffective.

WHEREFORE, all reasons considered, Plaintiff prays that this Honorable Court grant her a judgment against Defendant, Verizon, Inc. in the amount of

$1,000.000 (One Million Dollars) for acts of retalliation and the creation of a

      hostile enviornement by employees that casued Plaintiff considerable pain and

      suffering.

  I AFFIRM UNDER PENALTY OF PERJURY THAT THESE STATEMENTS ARE TRUE, ACCURATE AND CORRECT TO THE BEST OF MY KNOWLEDGE, UNDERSTANDING AND BELIEF.

            Respectfully Submitted,

            Ivy Bailey, Pro Se
            1774 Manor Road
          Windsor, PA 17366-9108

# EXHIBIT 2

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| IVY BAILEY, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 07-005022 |
| ) | |
| v. ) | Judge Jennifer M. Anderson |
| ) | |
| VERIZON COMMUNICATIONS INC., ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF FILING OF REMOVAL

Defendant Verizon Business Network Services Inc. ("Verizon Business"), improperly pled as Verizon Communications Inc., hereby files a true and correct copy of its Notice of Removal pursuant to 28 U.S.C. §§ 1441(a) and 1446, attached as Exhibit 1. This Notice of Removal was filed today in the United States District Court for the District of Columbia, and serves to effect full removal of this case pursuant to 28 U.S.C. § 1446(d), thereby precluding this Court from proceeding further in this case unless and until the case is remanded to this Court by the United States District Court.

07 1494

FILED

AUG 2 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

DATED this 20th day of August, 2007.

          Respectfully submitted,

          */s/ Jacqueline M. Holmes*
          Jacqueline M. Holmes (Bar No. 450357)
          JONES DAY
          51 Louisiana Avenue, N.W.
          Washington, D.C. 20001-2113
          Telephone: (202) 879-3939
          Facsimile: (202) 626-1700

          Willis J. Goldsmith (Bar No. 945956)
          JONES DAY
          222 East 41st Street
          New York, New York 10017-6702
          Telephone: (212) 326-3939
          Facsimile: (212) 755-7306

          ATTORNEYS FOR DEFENDANT VERIZON
          BUSINESS NETWORK SERVICES INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of August, 2007, I caused a true and correct copy of the foregoing Notice of Filing of Removal to be served by first class mail, postage prepaid, upon:

Ivy G. Bailey
1774 Manor Road
Windsor, Pennsylvania 17366-9108

                                              Jacqueline M. Holmes