UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IVY BAILEY,<br><br>      Plaintiff,<br><br>v.<br><br>VERIZON COMMUNICATIONS INC.,<br><br>      Defendant. | Civil Action No. 07-1494 (ESH) |

## DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT

In its Motion to Dismiss Plaintiff Ivy Bailey's ("Bailey") Complaint against Defendant Verizon Business Network Services Inc. (improperly pled as Verizon Communications Inc.) ("Verizon Business"), Verizon Business established:

(1) That Bailey signed a valid release of all claims at the end of her employment with Verizon Business, which prevents her from bringing any of the claims pled in her Complaint (Mot. 7-10);

(2) That any federal discrimination claim must be dismissed, because Bailey failed to exhaust her administrative remedies (Mot. 11-14);

(3) That any state law discrimination claim is untimely, because it was not filed within one year of the allegedly discriminatory conduct (Mot. 16); and

(4) That Bailey has no viable claim for discharge in violation of District of Columbia public policy, as she has identified no specific municipal statute or regulation expressing a policy that Verizon Business allegedly violated (Mot. 16-18).

In her Response to Defendant's Motion to Dismiss ("Opp'n"), Bailey makes the following arguments, none of which save her complaint from dismissal:

(1)   With respect to the release, Bailey argues (Opp'n 1) that she was mistaken about the legal effect of the release because an investigator with the Equal Employment Opportunity Commission told her that it would not impact her ability to bring suit; and suggests that she should not be bound by the release because of her financial situation at the time that she executed the release. But mistake of law is not a viable reason for invalidating an otherwise proper release, and a releasor's financial situation, taken alone, likewise is insufficient as a matter of law to invalidate a properly executed release.

(2)   With respect to her federal discrimination claim, Bailey does not dispute that she failed to properly exhaust her administrative remedies as required to bring the race and gender discrimination claims alleged in the Complaint. *See generally* Opp'n 2. Therefore, any federal discrimination claim must be dismissed.

(3)   With respect to her state law discrimination claim, Bailey suggests (Opp'n 2) that the filing of her age discrimination charge with the EEOC should toll the running of the statute of limitations with respect to her state law claim. The law is clear that it does not. *See Griffin v. Acacia Group*, Civ. No. 97-2816, 1998 U.S. Dist. LEXIS 10854, at *12 (D.D.C. July 10, 1998) (holding that filing of an EEOC charge does not toll the time in which to file a complaint under the District of Columbia Human Rights Act).

(4)   With respect to her public policy claim, Bailey admits that she is not claiming that she was wrongfully discharged in violation of public policy (Opp'n 2), but instead claims that she suffered some unspecified form of harassment because she filed an internal ethics complaint regarding the company's choice of counsel. *Id.* 2-3. She

2

further claims that the Company's actions violated an internal ethics handbook in some unspecified way. *Id.* Assuming for the sake of argument that the District of Columbia's narrow protection for discharges in violation of public policy could be expanded to encompass generalized harassment claims, Bailey has pointed to no District of Columbia statute or regulation proscribing choice of counsel, or suggesting that the failure to comply with an internal handbook results in a violation of public policy.

In sum, each of Bailey's arguments in support of her complaint fail as a matter of law, and this Court should dismiss her Complaint, in its entirety, with prejudice.

## ARGUMENT

### I.  THE RELEASE THAT PLAINTIFF SIGNED IS VALID, SHOULD BE ENFORCED, AND REQUIRES DISMISSAL OF HER COMPLAINT

In her Opposition, Bailey does not dispute that she signed a general release of claims in exchange for severance payments, does not dispute that in general the release is valid and enforceable, and does not dispute that the release as written requires dismissal of her claims in this case. *See generally* Opp'n 1-2. Bailey nonetheless seeks to avoid the legal effect of the release. Of course, "[t]he party seeking to nullify a release bears the burden of proving by clear and convincing evidence that the release is invalid." *Edge of the Woods v. Wilmington Sav. Fund Soc'y, FSB*, Civ. No. 97C-09-281, 2001 WL 946521, at *4 (Del. Super. Ct. Aug. 16, 2001), citing *Hob Tea Room, Inc. v. Miller*, 89 A.2d 851, 856 (Del. Super. Ct. 1952). Bailey attempts to satisfy this burden by claiming that the release is invalid because (1) an EEOC investigator allegedly advised her that the release would not impact her ability to bring suit against Verizon Business (Opp'n 1); and (2) her personal financial situation was such that she needed the severance payments

provided in exchange for the release. *Id.* As a matter of law, neither of these arguments is sufficient to invalidate the release.

Bailey's first claim – that the EEOC investigator's representations caused her to conclude that the release would not prevent her from filing suit against Verizon Business – is essentially an argument that she was mistaken about the legal import of the release, and therefore should not be bound by it. But "[q]uestions as to a mistake of law on the part of only one party to a release are governed by the general rule that ignorance of the law excuses no one; and thus, in the absence of fraud, a releasor cannot escape from the effects, in whole or in part, of his agreement by merely showing that he was mistaken as to the law, or the legal import and effect of the terms used." 76 C.J.S. Release § 25, Mistake of Law (2007); *see also Judge Trucking Co. v. Estate of Cooper*, Civ. Nos. 92C-03-041, 93C-04-023, 93C-07-025, 1994 WL 680039, at *4-*5 (Del. Super. Ct. Sept. 29, 1994) (rejecting challenge to a release because releasor was "unaware of all the consequences of the release," as this is a mistake of law and "[t]he courts do not relieve a party from mistakes of law."). And here there is, and can be, no allegation of fraud, since the EEOC investigator with whom Bailey communicated was not the agent of, or acting on behalf of, Verizon Business. *See* 76 C.J.S. Release § 28, Fraud (2007) ("[a] release is unaffected by the fraud of a stranger [and] . . . may not be avoided . . . for the fraud of an agent of the releasor without the participation of the releasee" (footnote omitted)).

Bailey's second claim – that her personal financial situation required her to accept the severance package offered by Verizon Business – is also a legally insufficient ground upon which to invalidate the release. While, to be sure, a release may be invalidated upon a showing of duress, "[n]eed of money on the part of the releasor does not in itself

4

show duress," and thus "[m]ere economic or financial pressure, or the distressed financial circumstances of the releasor will not alone suffice to avoid a release." 76 C.J.S. Release, § 33, Duress-Economic Duress (2007) (footnote omitted). In particular, "[a]cceptance of a settlement offer as a result of circumstances and conditions over which the defendant had no control, such as the releasor's financial necessities, does not constitute duress." *Anselmo v. Mfrs. Life Ins. Co.*, 595 F. Supp. 541, 551 (W.D. Mo. 1984) (internal quotation marks and citation omitted) (holding that release signed by employee in exchange for severance payments was valid and not signed under duress merely because the plaintiff needed the severance pay), *aff'd*, 771 F.2d 417 (8th Cir. 1985); *Edge of the Woods*, 2001 WL 946521, at *6 (no economic duress where "outside forces independent of and not created by" the releasor "compel the contract's immediate acceptance").

In sum, neither of Bailey's challenges to her release has merit. Since she cannot establish that it was procured by mistake, fraud, or duress (and, indeed, since she specifically acknowledged otherwise in executing the release (*see* Mot. 9)), the release must be enforced, and her Complaint must be dismissed with prejudice in its entirety.

## II.  BAILEY DOES NOT DISPUTE THAT SHE FAILED TO EXHAUST ADMINISTRATIVE REMEDIES AS TO ANY FEDERAL DISCRIMINATION CLAIM

As established in Verizon Business's Motion (at 11-14), Bailey failed to exhaust her administrative remedies for any federal gender or race discrimination claims, because the EEOC charge that she filed failed to mention race or gender discrimination, but rather claimed discrimination and retaliation based on age. The law is clear that a charge alleging only age discrimination is not sufficient to exhaust administrative remedies as to other discrimination claims. *See, e.g., Brown v. District of Columbia*, 251 F. Supp. 2d

152, 162 (D.D.C. 2003) (holding that plaintiff failed to exhaust her administrative remedies regarding her gender discrimination and retaliation claims where, in her "EEOC complaint, plaintiff checked only the boxes for allegations of discrimination based on race and disability, and did not check the boxes for gender discrimination or retaliation."); *Hunt v. D.C. Dep't of Corrections*, 41 F. Supp. 2d 31, 36 (D.D.C. 1999) (holding that plaintiff failed to exhaust her administrative remedies regarding her gender discrimination claim where, in her EEOC charge, plaintiff "specifically checked the boxes for age discrimination and retaliation, but she did not check the box for gender discrimination."). Because Bailey does not dispute this point (*see generally* Opp'n), any federal race or gender discrimination claims must be dismissed in their entirety, with prejudice.

Bailey attempts to refute Verizon Business's independent points that she failed to timely file her EEOC charge and her Complaint. *See* Opp'n 2-3. In support, Bailey submits additional documents to the Court that were never served on Verizon Business, and that it therefore did not have when it filed its Motion. Regardless of the import of these documents, which is far from clear since Verizon Business never previously received them, any federal discrimination claim must be dismissed because of Bailey's undisputed failure to exhaust her administrative remedies.

### III. BAILEY'S STATE LAW DISCRIMINATION CLAIM IS UNTIMELY

In its Motion, Verizon Business established that Bailey's state law discrimination claim under the District of Columbia Human Rights Act ("DCHRA") is untimely, because it was not filed within the one year statute of limitations applicable to such claims. Mot. 16. In response, Bailey suggests that because her EEOC charge was filed

6

within one year of the allegedly discriminatory conduct, and because she could not file a "comprehensive and complete complaint without the outcome of the EEOC investigation" (Opp'n 2), her DCHRA claim should be considered timely. Bailey is incorrect, both factually and legally.

Legally, the filing of an EEOC charge, even if cross filed with the District of Columbia Office of Human Rights (OHR), does not toll the running of the DCHRA's one-year statute of limitations. While the DCHRA provides for tolling where a state discrimination charge has been filed with the OHR (D.C. Code Ann. § 2-1403.16(a)), this tolling provision does not apply to charges filed with, and under the jurisdiction of, the EEOC. *Griffin*, 1998 U.S. Dist. LEXIS 10854, at *12 (rejecting claim that filing of charge with the EEOC, over which the OHR never asserted jurisdiction, tolls the time to file a court claim under the DCHRA, even where the EEOC charge was automatically cross-filed with the OHR).

Moreover, in order to toll the bringing of her claims in court, the charge that Bailey filed would have had to address the claims that she has attempted to file in court – namely, race and gender discrimination claims. But it does not. As noted above, Bailey's EEOC charge relates only to claims of age discrimination. An age discrimination charge cannot possibly be read to toll the statute of limitations for bringing unrelated race and gender discrimination claims.[1]

For a similar reason, Bailey's suggestion is also factually unfounded. It is difficult to imagine how investigation of Bailey's EEOC charge – which alleged only age

---

[1] Had Bailey filed a race and gender discrimination charge with the D.C. OHR (which she did not), she would have been unable to bring a complaint in this court at all, due to the DCHRA's election of remedies provision. *See* D.C. Code Ann. § 2-1403.16(a) (providing that individual may file suit for damages in a court of competent jurisdiction "unless such person has filed a complaint hereunder," and that no person who files a claim in court "may file the same complaint with the [OHR]").

discrimination – could possibly be relevant to the race and gender discrimination claims that she has attempted to bring in her Complaint, and thus to "fil[ing] a comprehensive and complete" lawsuit about race and gender discrimination. *See* Opp'n 2. Therefore, the notion that she had to "wait" until the EEOC had completed its investigation of her federal age discrimination complaint before bringing state law race and gender discrimination claims is without merit.

For these reasons, and those stated in Verizon Business's Motion, any claim under the DCHRA is untimely, and must be dismissed with prejudice.

## IV. BAILEY HAS NOT PLED A VIABLE CLAIM FOR WRONGFUL DISCHARGE BASED ON THE FILING OF AN ETHICS COMPLAINT

Bailey's Opposition makes clear (at 2) that she is not alleging that she was wrongfully terminated in retaliation for filing a complaint with Verizon Business's ethics department. She does, however, complain that she experienced unspecified "harsh and discriminatory" treatment because she filed this complaint. These allegations do not rise to the level of a violation of public policy under District of Columbia law.

As Verizon Business established in its Motion (at 16-18), a claim for discharge in violation of public policy in the District of Columbia is very limited, applying only to discharges "in violation of a mandate explicitly set forth in District law . . . ." *Freas v. Archer Servs.*, 716 A.2d 998, 1002 (D.C. 1998). Under this standard, even assuming that the D.C. courts were to extend the protection for violations of public policy to generalized harassment claims, Bailey's claim here would nonetheless fail. That is because she has not pointed to any statute or D.C. municipal regulation expressing a policy applicable here. Instead, she simply claims that Verizon Business violated an internal handbook in some completely unspecified way by allegedly harassing her after

she complained about the Company's choice of counsel. She has pointed to no District of Columbia statute or regulation equating an alleged failure to comply with an internal policy document with a violation of public policy, nor has she pointed to any statute or regulation governing a company's choice of counsel. Absent such a showing, Bailey simply cannot make out a public policy claim under District of Columbia law, and any such claim must therefore be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, and the reasons set forth in its Memorandum in Support of its Motion to Dismiss the Complaint, Defendant Verizon Business Network Services Inc. respectfully requests that Bailey's Complaint be dismissed in its entirety, and that judgment be entered in Defendant's favor.

DATED this 4th day of October, 2007.

Respectfully submitted,

/s/ Jacqueline M. Holmes
Jacqueline M. Holmes (Bar No. 450357)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone: (202) 879-3939
Facsimile: (202) 626-1700

Willis J. Goldsmith (Bar No. 945956)
JONES DAY
222 East 41st Street
New York, New York 10017-6702
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

ATTORNEYS FOR DEFENDANT
VERIZON BUSINESS NETWORK
SERVICES INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of October, 2007, I caused a true and correct copy of the foregoing Defendant's Reply Memorandum in Support of its Motion to Dismiss the Complaint to be served by first class mail, postage prepaid, upon:

> Ivy G. Bailey
> 1774 Manor Road
> Windsor, Pennsylvania 17366-9108

/s/ Jacqueline M. Holmes
Jacqueline M. Holmes