UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IVY BAILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-1494 (RCL) |
| ) | |
| VERIZON COMMUNICATIONS INC., ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION

Now before the Court comes defendant Verizon Communications Inc.'s motion [3] to dismiss. Upon full consideration of the motion, plaintiff's opposition, the reply, the entire record herein, and applicable law, the Court GRANTED defendant's motion in an Order [9] dated March 31, 2008. The reasons for the Court's Order are set forth below.

### I.   BACKGROUND

Plaintiff was employed as an executive secretary within MCI's Law and Public Policy Department from 2001 until accepting a severance package in 2006. (*See* Compl. ¶ 3.) Defendant Verizon acquired MCI in 2006. (*See id.* ¶ 2.) At some time during plaintiff's employment, MCI entered into a contract for legal services with the law firm of Proskauer Rose LLP ("Proskauer"). (*See id.* ¶¶ 6–7.) According to plaintiff, she had ethical concerns about this contract because her direct supervisor Harvey Rumeld had a brother, Myron Rumeld, who was a partner at Proskauer. (*See id.* ¶¶ 9–10.) Plaintiff's suspicions were apparently strengthened when she overheard Verizon attorney Kathleen Tremblay complain about Proskauer. (*See id.*

¶¶ 13–14.)  At some point, plaintiff brought up her concerns to Harvey Rumeld, who was allegedly unresponsive to her.  (*See id.* ¶ 17.)  Plaintiff asserts that she then was subject to a hostile work environment, racially offensive comments, and sexually suggestive innuendo.  (*See id.* ¶ 16.)  Plaintiff later revealed her concerns to Verizon Executive Vice-President of Ethics, Nancy Higgins.  (*See id.* ¶ 18.)  Plaintiff contends that Ms. Higgens was also unresponsive to her complaints.  (*See id.* ¶ 19.)

On February 10, 2006, shortly after Verizon's acquisition of MCI, plaintiff accepted a severance package from Verizon in exchange for signing a separation agreement and release, which set an effective date of February 1, 2006 for plaintiff's termination.  (*See* General Release Agmt., Ex. 1 to Holmes Decl.)  According to the agreement, plaintiff received a severance payment of $6,658.97 and agreed to "release and forever discharge [defendant] . . . from any and all claims, demands, attorney's fees, damages or liability of any nature whatsoever . . . which Employee may have which arise out of, concern or relate in any way to Employee's employment with [defendant]. . . ."  (*Id.* at ¶ d.)  Plaintiff further agreed to release defendant from all claims arising under state or federal law and specifically agreed to release defendant from all Title VII claims.  (*See id.*)

On December 18, 2006, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission.  (*See* EEOC Charge, Ex. 2 to Holmes Decl.)  This charge alleged only age discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA").  (*See id.*)  On February 23, 2007, the EEOC dismissed plaintiff's charge and issued a notice to plaintiff of her right to sue within ninety days of the notice.  (*See* EEOC Notice, Ex. 3 to Holmes Decl.)  However, due to an EEOC administrative error, this notice was not mailed to plaintiff until April 20, 2007.  (*See* Ltr. from EEOC to Bailey, Ex. 4 to Opp.)

On July 19, 2007, plaintiff filed this suit as a pro se litigant in District of Columbia Superior Court. Plaintiff's complaint seeks relief "for acts of retaliation and the creation of a hostile work environment" that has "caused plaintiff considerable pain and suffering." Defendant removed the action to this Court on August 20, 2007, and asks the Court to dismiss this case pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## II.   ANALYSIS

### A.   Legal Standard

Defendant moves to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. When a party files a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), "the plaintiff[ ] bear[s] the burden of proving by a preponderance of the evidence that the Court has subject matter jurisdiction." *Biton v. Palestinian Interim Self-Gov't Auth.*, 310 F. Supp. 2d 172, 176 (D.D.C. 2004). A court considering a motion to dismiss for lack of jurisdiction must construe plaintiffs' complaint in plaintiffs' favor, accepting all inferences that can be derived from the facts alleged. *Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), this Court will dismiss a claim if the plaintiff fails to plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests. *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). This Court must construe the allegations and facts in the

complaint in the light most favorable to the plaintiff and must grant the plaintiff the benefit of all inferences that can be derived from the facts alleged. *Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004) (citing *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)). However, the Court need not accept asserted inferences or conclusory allegations that are unsupported by the facts set forth in the complaint. *Kowal*, 16 F.3d at 1276.

### B.     Plaintiff's Claim Must Be Dismissed

Construing plaintiff's complaint in a light most favorable to her, she has attempted to state discrimination causes of action under Title VII and the District of Columbia Human Rights Act ("DCHRA"), and a wrongful termination claim based on her voicing concerns over the Proskauer contract. For the reasons set forth below, the Court finds that each of plaintiff's claims must be dismissed.

#### 1.     Separation Agreement and Release

Plaintiff's release agreement is governed by Delaware state law. (*See* General Release Agmt. ¶ 1, Ex. 1 to Holmes Decl.) "Under Delaware law, a release is valid and binding when there has been a meeting of the minds of the parties, when the release is supported by consideration, and where there has been no fraud, misrepresentation, mistake, duress, or undue influence." *Fox v. Rodel, Inc.*, No. 98-531, 1999 WL 588293, at *8 (D. Del. July 14, 1999) (citing *Del. Lumbar & Millwork, Inc. v. Anecon Constr. Co.*, No 93L-06-011, 1996 WL 280781, at *2 (Del. Super. Ct. April 19, 1996)). Further, when "the release is clear and unambiguous and supported by consideration, it only will be set aside where there is fraud, duress, coercion, or mutual mistake . . . ." *Edge of the Woods v. Wilmington Savings Fund Soc'y, FSB*, No. 97C-09-281, 2001 WL 946521, at *4 (Del. Super. Ct. Aug. 16, 2001). Here, the release's language is unambiguously general: it is titled "General Release Agreement" and plaintiff agreed to "release

and forever discharge [defendant] . . . from any and all claims . . . ." The requirement of consideration is also satisfied because plaintiff received a severance package—including a $6,658.97 payment—in exchange for her release. Yet, plaintiff contends that she entered the release under mistake and economic duress.

When construing allegations in a light most favorable to plaintiff, the Court finds that she has not sufficiently asserted the presence of mistake or duress that would render the release invalid. First, in claiming mistake, plaintiff contends that despite signing the agreement stating that she would "release and forever discharge [defendant] . . . from any and all claims," she was unaware that the release would prevent her from bringing suit. (*See* Opp. at 1.) Plaintiff alleges that she relied on an EEOC officer's assurance that the release would not affect her ability to bring suit against defendant Verizon. (*See id.*) However, merely asserting that one was unaware of all the legal consequences of a release is not a mistake that would free that party from operation of the release. *See Judge Trucking Co. v. Estate of Cooper*, No. 92C-03-041, 1994 WL 680039, at *4–5 (Del. Super. Ct. Sept. 29, 1994) (holding that courts do not provide relief for such misunderstandings, which are considered mistakes of law); *see also* 76 C.J.S. *Release* § 25 (2007) (stating that "a releasor cannot escape from the effects of his or her agreement, in whole or in part, by merely showing that he or she was mistaken as to the law, or as to the legal import and effect of the terms used"). Plaintiff's alleged mistake is merely a unilateral mistake of law for which this Court is unable to provide relief. Further, plaintiff's reliance on the purported statement of an EEOC officer—a third party—does not give rise to any claim of fraudulent inducement against defendant because plaintiff does not allege that she relied upon any such false assurance made by defendant.

Second, plaintiff's claim of economic duress must fail because plaintiff has not alleged the three elements that constitute economic duress: "(1) a 'wrongful act,' (2) which overcomes the will of the aggrieved party, (3) who has no adequate legal remedy to protect himself." *See Block Fin. Corp. v. Inisoft Corp.*, 2006 WL 3240010, at *5 (Del. Super. Ct. Oct. 30, 2006) (citation omitted). To establish economic duress, a plaintiff must show that she was deprived of her free will through wrongful acts directly against her business interest. *Id.* Here, plaintiff states that she was subject to economic duress because she was unable to pay her mortgage and other bills at the time of signing the release. Such an assertion is not sufficient to plead economic duress.

Because of plaintiff's signed release and her failure to sufficiently allege its invalidity, her claim must be dismissed. Yet, even assuming the invalidity of plaintiff's release, her complaint would still be dismissed for the reasons set forth below in Parts II.B.2, 3, and 4 of this Opinion.

### 2.   Title VII Claim

Plaintiff is unable to maintain her Title VII suit because she has failed to exhaust administrative remedies. Prior to filing suit under Title VII, a plaintiff must exhaust administrative remedies. As part of the Title VII administrative process, a plaintiff must file an EEOC charge outlining her allegations. *See* 42 U.S.C. § 2000e-5(e). If a plaintiff's EEOC charge makes a class of allegation altogether different from that which she later alleges when seeking relief in federal district court, she will have failed to exhaust administrative remedies. *See Hunt v. D.C. Dep't of Corrections*, 41 F. Supp. 2d 31, 36 (D.D.C. 1999) (citing *Park v. Howard Univ.*, 71 F.3d 904, 906–07 (D.C. Cir. 1995)) (dismissing complaint for failure to exhaust administrative remedies where plaintiff failed to check correct box on EEOC charge

form or otherwise put defendant on notice of the allegations forming the basis of her Title VII gender discrimination claim). Further, this Court "cannot allow liberal interpretation of an administrative charge to permit a litigant to bypass the Title VII administrative process." *See Park*, 71 F.3d at 907 (citation omitted). And, although the Court will hold a pro se plaintiff's complaint to a standard less stringent than pleadings drafted by attorneys, the Court cannot overlook legal requirements. *See Taye v. Amundson*, 908 F. Supp. 21, 23 (D.D.C. 1995) (citing *Redwood v. Council of the District of Columbia*, 679 F.2d 931, 933 (D.C. Cir. 1982)).

In the instant case, plaintiff has failed to exhaust her administrative remedies on her race or gender discrimination claim, depriving this Court of subject matter jurisdiction over that claim. On her EEOC claim form, plaintiff checked the box indicating that she was alleging age discrimination under the ADEA and gave no indication that she alleged race or gender discrimination. Yet, plaintiff's complaint currently before this Court only makes reference to race and gender harassment and is silent as to age discrimination. Thus, her employer could not have been on notice that she was complaining of race or gender discrimination. Consequently, plaintiff's claim must be dismissed for failure to exhaust administrative remedies.[1]

---

[1] Defendant also argues that plaintiff's complaint must be dismissed because she did not bring suit within ninety days of receiving notice of her right to sue. The Court does not base its dismissal on this contention. It is true that a civil action under Title VII must be brought within ninety days after receipt of notice of a right to sue. *See* 42 U.S.C. § 2000e-5(f)(1); *Hunt v. D.C. Dep't of Corrections*, 41 F. Supp. 2d 31, 36 (D.D.C. 1999). Here, although the EEOC issued a right to sue notice on February 23, 2007, plaintiff did not receive the notice until some time after April 20, 2007 because of an administrative EEOC error. Thus, plaintiff's ninety day period began to run no earlier than April 20, 2007, and her July 19, 2007 complaint was filed within the relevant period.

Even if plaintiff had otherwise exhausted administrative remedies, her Title VII claim would still be dismissed for failure to have filed her EEOC charge within the requisite 300-day time period. *See Coleman v. Potomac Elec. Power Co.*, 310 F. Supp. 2d 154, 158 (D.D.C. 2004) (citing 42 U.S.C. § 2000e-5(e)(1)) (noting that the statute of limitations for filing an EEOC charge in the District of Columbia is 300 days). Plaintiff filed her EEOC charge on December 18, 2006, which was greater than 300 days after plaintiff's February 10, 2006 signing of her separation agreement and release.[2] Thus, plaintiff's Title VII claim would also be dismissed as time-barred. *See Ledbetter v. Goodyear Tire & Rubber Co.*, 127 S. Ct. 2162, 2166–67 (2007) (stating that if an employee does not submit a timely EEOC charge, the employee may not then seek judicial relief).

### 3.    DCHRA Claim

The Court finds that plaintiff is unable to maintain a DCHRA claim because that cause of action is time-barred. Under DCHRA, a plaintiff must bring suit within one year of an unlawful discriminatory act or discovery thereof. *See* D.C. CODE § 2-1403.16(a); *Boulton v. Inst. of Int'l Educ.*, 808 A.2d 499, 503 (D.C. 2002). Plaintiff's alleged injuries necessarily occurred prior to her February 2006 departure from Verizon, and she did not file suit until July 2007, clearly beyond the one-year limitation period. Plaintiff, in an effort to avoid operation of the one-year statute of limitations, contends that any delay in bringing suit was due to a corresponding EEOC delay in responding to her EEOC charge. (*See* Opp. at 2.) However, filing an EEOC charge does not toll the running of the DCHRA's one-year statute of limitations. *See Griffin v. Acacia Group*, No. 97-cv-2816, 1998 U.S. Dist. LEXIS 10854, at *12 (D.D.C. July 13, 1998) (holding

---

[2] Assuming that February 10, 2006 was the last possible day of plaintiff's injury, 311 days elapsed by the time she filed her EEOC charge on December 18, 2006.

that although the one-year limitations period is tolled when a complaint is pending before the District of Columbia Office of Human Rights, a plaintiff's filing of an EEOC charge does not alone toll the limitations period). Thus, plaintiff's DCHRA claim must be dismissed.

### 4. Wrongful Discharge Claim

The Court finds that plaintiff's wrongful discharge claim must also be dismissed based on the District of Columbia's at-will employment doctrine. Here, it is not disputed that plaintiff was an at-will employee. Under District of Columbia law, an employer may generally discharge at-will employees at any time and for any reason, or for no reason at all. *Adams v. George W. Cochran & Co.*, 597 A.2d 28, 30 (D.C. 1991). However, the District of Columbia Court of Appeals permitted "a very narrow exception to the at-will doctrine" that applies "when the sole reason for the discharge is the employee's refusal to violate the law, as expressed in a statute or municipal regulation." *Id.* at 34. That court has held that it would not be impossible to recognize other such exceptions to the at-will doctrine. *See Carl v. Children's Hosp.*, 702 A.2d 159, 160 (D.C. 1997). Here, this Court, adhering to District of Columbia law, finds that plaintiff has not alleged that she was discharged for refusal to violate District of Columbia law and has failed to set forth any additional basis that would justify permitting a wrongful termination suit based on some new exception to the at-will doctrine. Thus, to the extent that plaintiff asserts a wrongful termination claim, that claim must be dismissed.

**III.     CONCLUSION**

    For the reasons set forth above, plaintiff's complaint has been dismissed. Accordingly, this Court issued an Order dated March 31, 2008, GRANTING defendant's motion to dismiss.

Signed by Royce C. Lamberth, United States District Judge, on April 14, 2008.